FILED'11 JAN 19 17:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TRUETT JOHN WATTS,

        Petitioner,        Civil No. 10-375-HO

        v.                     ORDER

RICK COURSEY,

        Respondent.

HOGAN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment, dated September 27, 2004, from Lane County Circuit Court after a conviction for Murder. Following a jury trial, petitioner was sentenced to life imprisonment with a 300 month minimum. Exhibit 101.

    Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion., and the Oregon Supreme Court denied review. Exhibits 104 - 108.

    Petitioner filed a formal petition for post-conviction relief, but the Umatilla County Circuit Court denied relief, Exhibit 141. The Oregon Court of Appeals affirmed without

1 - ORDER

opinion, and the Oregon Supreme Court denied review. Exhibits 142 - 146.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging seven grounds for relief. Petition (#2).

Respondent now moves to deny relief on the ground that the claims alleged in grounds One, Two, and Four through Seven were not fairly presented to Oregon's highest court and are procedurally defaulted. Further, "insofar as petitioner's claim in Ground Three was presented to the Oregon state courts, relief on it was denied in decisions that were neither 'contrary to,' nor 'unreasonable applications of,' United States Supreme Court precedent." Response to Petition (#16) p. 2. Thus, "petitioner should not be granted relief in this proceeding under 28 U.S.C. sec. 2254." Id.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific

2 - ORDER

federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

Stated otherwise, each claim raised in a habeas petition must have been given one complete round of the state's appellate review process. O'Sullivan v. Boerckel, supra at 844-845, and the state courts must have had a full and fair opportunity to respond to any federal claim asserted by the petitioner. Keeney v. Tamayo-Reyes, supra at 10.

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the

3 - ORDER

failure. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000), <u>Coleman</u>, 501 U.S. at 750; <u>see also</u>, <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Murray v. Carrier</u>, 477 U.S. 748 (1986); <u>Hughes v. Idaho Bd. of Corr.</u>, 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Murray</u>, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. <u>Id</u>.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. <u>Schlup v. Delo</u>, 513 U.S. 298, 329 (1995); <u>Calderon v. Thompson</u>, 523 U.S. 538, 559 (1998).

Allegations of ineffective assistance of trial or appellate counsel are properly raised in post-conviction. <u>State v. Lloyd</u>, 109 Or. App. 213, 214 (1991), *rev. denied* 315 Or. 268 (1992).

On direct appeal, petitioner alleged a single claim for relief as follows:

> Where the defense mounted the defense of insanity, did the trial court err in instructing the jury that it could not return a guilty except for insanity verdict when appellant's 'state of mind' was caused, in whole or in part, by the use of controlled substances, rather than that it could not return a verdict of guilty except for insanity when appellant's inability to appreciate the criminality of his conduct or to conform his conduct to the law was caused, in whole or in part, by the use of controlled substances?

Exhibit 104, Appellant's Brief, at p. 2.

The Oregon Court of Appeals affirmed petitioner's conviction and judgment without opinion and the Oregon Supreme Court denied review. Exhibit 107, Order Denying Review; Exhibit 108, Appellate Judgment.

Petitioner filed a Formal Petition for Post-Conviction Relief alleging six claims of ineffective assistance of counsel. Exhibit 109. The post-conviction court denied relief on all grounds asserted in the petition. Petitioner filed an appeal from the post-conviction court's judgment alleging a single assignment of error as follows:

> Did the court below err in failing to find that petitioner was denied his constitutional rights to adequate and effective assistance of counsel by trial counsel's failure to raise the affirmative defense of 'extreme emotional disturbance.'?

Exhibit 142, Appellant's Brief, p. 1.[1]

---

[1] Petitioner apparently attempted to preserve the other claims alleged in his post-conviction petition by asserting: "In limiting himself for purposes of this appeal to the allegation cited above, petitioner is not necessarily abandoning or forever waiving the other allegations made in his Formal Petition for Post-Conviction Relief." Id., p. 7. However, as notd by respondent, such an allegation is insufficient to fairly present a claim for appellate review. See, ORAP 5.45; Lichau v. Baldwin, 166 Or App 411, 423, 999

5 - ORDER

The Court of Appeals affirmed the post-conviction court's judgment denying relief and the Supreme Court denied the petition for review. Exhibit 145, Order denying review; Exhibit 146, Appellate Judgment.

Petitioner frames Ground One of the petition before this court as a claim for ineffective assistance of counsel. However, the facts alleged in support of Ground One (asserting that the trial court erred in instructing the jury) indicate a claim against the trial court, rather than counsel.

To the extent that the claim in Ground One can be construed as a claim against petitioner's attorney, it is procedurally defaulted because there is no parallel claim asserted to Oregon's highest court on post-conviction review. *See*, Exhibit 109, Formal Petition, at p. 3.

Construed as a claim of trial court error, Ground One is also defaulted because he did not raise it as a constitutional claim on direct appeal.[2] On direct appeal petitioner argued only that the jury instruction was a violation of state law. *See* Exhibit 104, Appellant's Brief. Therefore, the state court was not "fairly presented" with a federal claim. *See*,

---

P2d 1207 (2000), *rev'd on other grounds*, 333 Or 350 (2002); *see also*, State v. Montez, 309 OR 564, 604, 789 P2d 1352 (1990).

[2] Additionally, petitioner does not allege a federal basis for his claim in Ground One in this proceeding, as required by 28 U.S.C. sec. 2254. *See also*, Estelle v. Gamble, 502 U.S. 62, 67 (1991); Wainwright v. Goode, 464 U.S. 78, 83 (1983). Arguably this defect could be cured by amendment.

6 - ORDER

Gray v. Netherland, 518 U.S. 152, 162-163 (1996).

Petitioner has not established any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

In Grounds Two and Four through Seven, petitioner alleges claims of ineffective assistance of counsel.[3] While these claims were presented to the post-conviction trial court in petitioner's Formal Petition, they were never presented to the state post-conviction appellate court. See, Exhibit 142, Appellant's Brief; Exhibit 144, Petition for Review. Petitioner is now barred under Oregon law form filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon courts.[4] Accordingly, petitioner Grounds Two and Four through Seven are procedurally defaulted.

Petitioner has not alleged any cause and prejudice for

---

[3]Petitioner's claims appear to be primarily against trial counsel. However, in Ground Five, Six and Seven petitioner also alleges claims against "appellate counsel." No claims against appellate counsel were presented in any state court proceeding. Thus to the extent petitioner may be attempting to allege claims against appellate counsel, those claims are procedurally defaulted.

[4]ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court to be filed within 35 days from the date of the Court of Appeals's decision. See also, ORAP 9.05(2) (same). Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

7 - ORDER

his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Petitioner alleges as Ground Three that his trial attorney was ineffective for failing to present a defense of extreme emotional disturbance. Petition (#2) p. 9. Petitioner presented this claim to the state post-conviction courts. Exhibit 109, Formal Petition for Post-Conviction Relief; Exhibit 142, Appellant's Brief; and Exhibit 143, Petition for Review.. In denying relief on this claim, the post-conviction trial court made oral findings as follows:

> There were not grounds for post-conviction relief.
>
> * * *
>
> There was no basis for an EED [extreme emotional disturbance] defense. But the case was submitted, both on Manslaughter I with reckless indifference - or reckless with extreme indifference, and on Manslaughter II, which would be reckless. And of course the jury did not get to those, because it found him guilty of the charge.
>
> * * *
>
> And there was simply inadequate proof on any of the other issues here. I simply don't find that there was anything that the attorney should have done that he did not do.

Exhibit 115, PCT Tr. at 6.

Under the Antiterrorism and Effective Death Penalty Act of 1966 (AEDPA), habeas corpus relief may "not be granted with respect to any claim that was adjudicated on the merits in state court proceedings," unless the adjudication:

8 - ORDER

> 1.) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court has explained that in passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "re-trials" on federal habeas, and giving effect to state convictions to the extent permissible under the law. <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000). In addressing the deference requirements set forth in 28 U.S.C. § 2244(d)(1), the Court specifically found that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. <u>Id</u>.

Under the "contrary to" clause, a federal court may grant relief only if the state court either (1) applied a rule that contradicts the governing law set forth in Supreme Court cases, or (2) confronted a set of facts that was materially indistinguishable from a Supreme Court decision but nonetheless arrived at a different result. <u>Williams</u>, 529 U.S. at 406.

Under the "unreasonable application" clause, a federal

9 - ORDER

court may grant relief only if the state court identified the correct governing principle from the Supreme Court but unreasonably applied that principle to the facts of the petitioner's case. Williams 529 U.S. at 413. This clause "requires the state court decision to be more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Rather, the "state court's application of clearly established law must be objectively unreasonable." Id. It is not "an unreasonable application of clearly established Federal law" for a state court to decline to apply a specific legal rule that has not been squarely established by the Supreme Court. Carey v. Musladin, 549 U.S. 70, 76-77 (2006).

Finally, under 28 U.S.C. § 2254(d)(2), "[f]actual determinations by a state court are presumed to be correct absent clear and convincing evidence to the contrary." Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). The AEDPA thus sets out a "highly deferential standard for evaluating state court rulings," which requires that state court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam), quoting Lindh v. Murphey, 521 U.S. 320, 333 n. 7 (1997). This is true even if the state court did not fully articulate their reasoning. Delgado v. Lewis, 223 F.3rd 976, 982 (9th Cir. 2000) ("federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court

clearly erred in its application of the controlling federal law.").

The Oregon State court decisions denying relief on petitioner's claim that his attorney was ineffective for failing to assert an extreme emotional disturbance defense are entitled to deference by this court because petitioner has not demonstrated that the decisions were contrary to nor an unreasonable application of *Strickland*. Moreover, for the reasons discussed below, the state court determinations are supported by the record before the court.

ORS 163.115.(1)(a) provides that "it is an affirmative defense" to intentional murder "that, at the time of the homicide, the defendant was under the influence of an extreme emotional disturbance." Extreme emotional disturbance is not a complete defense to murder, but merely reduces "the homicide that would otherwise be murder to manslaughter in the first degree." ORS 163.118(1)(b).

In <u>States v. Counts</u>, 311 Or 616, 618, 816 P2d 1157 (1991), the Oregon Supreme Court addressed the interplay between the affirmative defense of mental disease or defect (ORS 161.295(1) and the affirmative defense of extreme emotional disturbance (ORS 163.135(1)). In *Counts*, the court interpreting ORS 163.135(1) noted that there are "three components of extreme emotional disturbance."

> (1) Did the defendant commit the homicide under the influence of an extreme emotional disturbance? (2) Was the disturbance the result of the defendant's own intentional, knowing, reckless or criminally

11 - ORDER

negligent act? (3) Was there a reasonable explanation for the disturbance?

State v. Counts, 311 Or at 623 (footnote omitted).

The first prong of the *Counts* inquiry involves the "purely subjective inquiry" of whether "the defendant was in fact acting under the influence of an extreme emotional disturbance when committing the homicide. *Counts*, 311 Or at 623. "[T]he jury must determine what was the defendant's situation in the circumstances which the defendant reasonably believed to exist." State v. Ott, 297 Or 375, 398, 686 P.2d 1001 (1984). On that question, a court "should pose the issue in terms of whether defendant was under the influence of an emotional disturbance to the extent that he lost his self-control that would have otherwise prevented his committing the homicide.." *Ott*, 297 Or at 393. "The defense was meant to be understood in more relative terms as referring to a loss of self-control due to intense feelings." Id. at 392. In other words, the disturbance must be "emotional," as opposed to "mental." *Counts*, 311 Or at 623-25 (legislature removed the term "mental" from the initial draft in order to distinguish defense from the "mental disease or defect" defenses in ORS 161.300 (partial responsibility), and ORS 161.295(1) (insanity)).

The third prong of the *Counts* analysis - whether there was a "reasonable explanation" for the disturbance - involves an objective inquiry. *Counts*, 311 Or at 625. "[T]he trier of fact determines whether, under the circumstances, an ordinary

12 - ORDER

person, with certain characteristics of the defendant (*excluding insanity*) would have been extremely emotionally disturbed." Id. at 628-29 (emphasis added).

The crux of petitioner's argument that he suffered EED is that he was afraid of the victim and that the victim was going to kill his (petitioner's) parents. Exhibit 140, PCR Trial Transcript, p. 6; Exhibit 142, Appellant's Brief, p. 10, 15.

However, at petitioner's deposition, he testified that he thought that his emotional disturbance was brought on by being "paranoid, schizophrenic." Exhibit 139, Deposition of Petitioner, at 17. Petitioner further testified that he did not think the murder would have happened if he wasn't "pretty psychotic at the time. Looking back, I was pretty crazy." Id. at 13. As noted above, the objective prong of the *Counts* test expressly excludes insanity as a causation of the requisite emotional state.

In addition to schizophrenia, petitioner attributed the use of methamphetamine to his emotional state. Id. at 14. Because petitioner acknowledges that his emotional state was the result of or related to his intentional ingestion of methamphetamine, he did not meet the second criteria of the EED defense - *viz.*, was the disturbance the result of the defendant's own intentional, knowing, reckless or criminally negligent act?

The PCR court determination that there "was no basis for an EED defense" is supported by the record that indicates

13 - ORDER

petitioner did not meet at least two of the requisite criterial for asserting the defense. As there was no viable EED defense, petitioner's attorney did not perform inadequately in not pursuing the defense, nor could petitioner's case have been prejudiced by counsel's choice to pursue the insanity defense rather than an EED defense. See, Bauman v. U.S., 692 F.2d 656 (9th Cir. 1982) (failure to raise meritless legal argument does not constitute ineffective assistance of counsel); Thompson v. Battaglia, 457 F3d 614, 618 (7th Cir. 2006) (an attorney is not ineffective in failing to pursue a "doomed line of inquiry" such as evidence that is legally insufficient to support an argument.)

Based on the foregoing, petitioner's Petition (#2) is denied. This proceeding is dismissed.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability is denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

IT IS SO ORDERED
DATED this 19th day of January, 2011.

Michael R. Hogan
United States District Judge

14 - ORDER